RECEIVED
IN ALEXANDRIA, LA.
JUN 1 2 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| JOSE CRISTOBAL CARDONA | CIVIL ACTION NO. 08-1556 |
|     FED. REG. #40869-080 | |
| VS. | SECTION P |
| | JUDGE DRELL |
| WARDEN JOE KEFFER | MAGISTRATE JUDGE KIRK |

<u>REPORT AND RECOMMENDATION</u>

On October 16, 2008, *pro se* petitioner Jose Cristobal Cardona filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the United States Penitentiary, Pollock (USPP), Louisiana, and, he complains that the Disciplinary Hearing Officer (DHO) relied upon "coerced/compelled" evidence – a urine sample – to convict him of some unspecified disciplinary rules violation which resulted in the forfeiture of an unspecified amount of good time credits.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition for writ of habeas corpus be **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

On March 4, 2008 petitioner, a prisoner in the custody of

1

the BOP, was directed by BOP personnel to provide a urine sample for drug testing. Petitioner reluctantly agreed and signed the chain of custody form. The sample was submitted to National Toxicology Laboratories, Inc. for urinalysis and on March 7, 2008 that agency reported that the sample obtained from petitioner tested positive for the presence of opiates/morphine. On March 13, 2008 the prison health services certified that no medications which would account for the positive findings had been prescribed to petitioner. [rec. doc. 7, pp. 9-10]

Petitioner was charged with the disciplinary rules violation of "use of narcotics." Advanced written notice of the charge was given to him on March 14, 2008 and he was advised of his rights on March 17, 2008. At the DHO hearing convened on May 1, 2008, petitioner waived his right to representation and denied the charge stating, "I have been forced to give UA's against my will. When I refuse, I get wrote up. I did sign the chain of custody form." The Lab Report, Chain of Custody, and Health Services Memorandum were considered by the DHO; petitioner exercised his right to remain silent. At the conclusion of the hearing petitioner was found guilty as charged. The DHO imposed sanctions, including forfeiture of non vested good conduct time and disallowance of good conduct time and petitioner was advised of his right to appeal. [rec. doc. 7, pp. 8-12] His appeal to the Regional and National Directors of the BOP were rejected on June

2

26 and September 10, 2008. [rec. doc. 7, pp. 4-7]

Read liberally, the instant petition implies that petitioner was deprived of good time credits in violation of the Fifth Amendment's due process clause, and in violation of the Fourth Amendment's prohibition of unreasonable searches and seizures. Petitioner also complains that he has a property right to his urine and that he was deprived of his "property" without due process.

### Law and Analysis

### 1. Fourth Amendment Claim

While imprisoned persons enjoy many protections of the Constitution, it is clear that imprisonment carries with it the circumscription or loss of many significant rights. See, Bell v. Wolfish, 441 U.S. 520, 545, 99 S.Ct. 1861, 1877 (1979). Loss of freedom of choice and privacy are inherent incidents of confinement. Bell v. Wolfish, 441 U.S. at 537, 99 S.Ct. at 1873. The Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions. Hudson v. Palmer, 468 U.S. 517, 525, 104 S.Ct. 3194, 3200. Petitioner's Fourth Amendment claim - to the extent that one is argued - is without merit.

3

## 2. *Due Process/Liberty*

With regard to his due process claims, federal prisoners do have liberty interests in their accumulated good-time credit. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir.2000). Therefore, since petitioner claims that he lost good time credits, the due process analysis approved by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), governs this review of the contested disciplinary proceeding.

In Wolff, the Court held, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 555- 556. Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence, (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the

ruling. <u>Superintendent, Massachusetts Correctional Institution v.</u>
<u>Hill</u>, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L. Ed.2d 356 (1985);
<u>Wolff</u>, *supra*, at 556.

In response to an order, petitioner supplied copies of the
pertinent DHO documents. [rec. doc. 7, pp. 8-12] These exhibits
establish that petitioner was afforded all the process he was
due. To the extent that petitioner maintains that he was deprived
of liberty without due process, his claim is not supported by
either the facts or the law.

### 3. *Property Deprivation*

Finally, petitioner advances the novel argument that his
urine constitutes property and the "taking" of his urine sample
violated due process. That claim is also without a basis in law.
Compare <u>Rise v. Oregon</u>, 59 F.3d 1556 (9th Cir.1995), *cert.*
*denied*, 517 U.S. 1160, 116 S.Ct. 1554, 134 L.Ed.2d 656 (1996);
<u>Boling v. Romer</u>, 101 F.3d 1336; see also <u>Esnault v. Burnett</u>, 83
Fed.Appx. 279 (10th Cir. 2003); <u>Williams v. Dept. of</u>
<u>Rehabilitation and Correction</u>, 3 Fed. Appx. 415 (6th Cir. 2001).

### 4. *Conclusion*

Considering the foregoing,

**IT IS RECOMMENDED** that this petition for *habeas corpus*
should be **DENIED AND DISMISSED WITH PREJUDICE** for failing to
state a claim for which relief might be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and

Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Alexandria, Louisiana _____, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE